**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW, 120 Broadway Suite 1750 New York, NY 10271                                  *Plaintiff*, v. U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue NW Washington, DC 20530                                  *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 18-cv-1841 |

## **COMPLAINT**

1. Plaintiff Brennan Center for Justice at New York University School of Law ("Brennan Center") brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4. The Brennan Center timely appealed Defendant's adverse determination on its request pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). Defendant failed to respond to the Brennan Center's appeal within twenty working days, as required by 5 U.S.C. § 552(a)(6)(A)(ii), and the Brennan Center has therefore properly exhausted all administrative remedies.

## PARTIES

5. Plaintiff Brennan Center is a not-for-profit, nonpartisan law and policy institute that seeks to improve the nation's systems of democracy and justice. The Brennan Center works to eliminate barriers to full political participation, to ensure that voting is free, fair, and accessible for all Americans. The Brennan Center and its staff regularly conduct empirical, qualitative, historic, and legal research on voting and election practices in the United States. The Brennan Center has published multiple comprehensive reports on voter list maintenance practices in the last decade. The Brennan Center has also litigated numerous cases involving voter purge practices and other voting rights matters. The Brennan Center advocates for policies to protect the right to vote and prevent manipulation of election rules with policymakers and in the public media. The Brennan Center maintains offices in New York City and in Washington, DC.

6. Defendant the U.S. Department of Justice ("DOJ") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that the Brennan Center seeks.

## STATEMENT OF FACTS

7. On July 20, 2017, the Brennan Center submitted a FOIA request to DOJ's Civil Rights Division seeking records related to a letter sent on June 28, 2017, by the Chief of DOJ's

Voting Section to state election officials ("NVRA FOIA"). A copy of the NVRA FOIA is attached hereto as Exhibit A and incorporated herein.

8. The Brennan Center described the June 28, 2017 letter ("Letter") as follows:

> On June 28, 2017, T. Christian Herren, Jr., the Chief of the Department of Justice's Voting Section, sent a letter to all states covered by the National Voting Registration Act ("NVRA"). In this letter ("the Letter"), the Department of Justice "request[ed] information regarding the State's procedures for compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act, 52 U.S.C. § 20501 et seq. and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901 et seq.

*See* Exhibit A at 1.

9. The Brennan Center's NVRA FOIA sought the following records related to the Letter:

> 1) All documents the Department of Justice ("DOJ" or "Department") received or receives from state or local election officials in response to the Letter.
>
> 2) All communications and documents, including but not limited to emails and memoranda, between any DOJ officer, employee, or agent, or any White House liaison to the Department, and any other person, including but not limited to any officer, employee, or agent of the White House or the Presidential Advisory Commission on Election Integrity concerning the Letter.

*See id.* at 2.

10. The Brennan Center requested expedited processing of the NVRA FOIA pursuant to the FOIA statute and DOJ's regulations. *See id.* at 3–4.

11. The Brennan Center is primarily engaged in disseminating information, within the meaning of the FOIA statute and DOJ's regulations. The NVRA FOIA relates to a matter of urgent public interest about an actual or alleged federal government activity. *See id.* at 3–5.

12. The NVRA FOIA also relates to a matter of widespread and exceptional media interest. This matter raises possible questions about the government's integrity, which affect public confidence. *See id.* at 4.

13. The Brennan Center also requested a fee waiver with respect to the NVRA FOIA pursuant to the FOIA statute and DOJ's regulations. *See id*. at 4–6.

14. On July 24, 2017, DOJ acknowledged receipt of the NVRA FOIA and assigned it the FOIA tracking number FOIA/PA No. 17-00362-F.

15. DOJ failed to make a decision as to the Brennan Center's requests for expedited processing and for a fee waiver.

16. The Brennan Center followed up with DOJ by telephone several times in November 2017 and December 2017 concerning the NVRA FOIA, but did not receive a substantive response.

17. On or about March 16, 2018, the Brennan Center again called DOJ seeking an update concerning the NVRA FOIA. DOJ stated that it needed to speak with the U.S. Attorney's Office for the Southern District of New York, which was handling litigation concerning a separate FOIA request previously submitted to DOJ by the Brennan Center ("SDNY FOIA").

18. The Brennan Center called DOJ on March 19, 2018, to follow up once more concerning the NVRA FOIA request. During the conversation, DOJ inquired as to the difference between the SDNY FOIA and the second portion of the NVRA FOIA.

19. In an email to DOJ dated March 19, 2018, the Brennan Center described the distinctions between the two FOIA requests and explained that the NVRA FOIA was broader in scope than the SDNY FOIA. DOJ responded, acknowledging the explanation, and stating that DOJ "will respond to the [NVRA FOIA] within the next few days."

20. By letter dated March 20, 2018, DOJ responded to the NVRA FOIA. A copy of the March 20, 2018 response and production cover letter is attached hereto as Exhibit B and incorporated herein.

21. In its response, DOJ denied in full the first portion of the NVRA FOIA, stating that the records the Brennan Center sought are protected from disclosure pursuant to FOIA Exemption 7(A). DOJ also indicated that certain, unspecified information within such records is protected from disclosure pursuant to FOIA Exemptions 5 and 6. *See* Exhibit B at 1.

22. In response to the second portion of the NVRA FOIA, DOJ produced 407 pages with certain information redacted, purportedly pursuant to FOIA Exemptions 5 and 6. DOJ stated that it had withheld in full four additional pages pursuant to FOIA Exemption 7(A), and that certain, unspecified information within those four pages was also exempt from disclosure pursuant to FOIA Exemption 5. *See id.* at 1–2.

23. The Brennan Center timely filed an appeal with DOJ concerning DOJ's final determination, objecting to: (a) the improperly limited scope of DOJ's search for and production of responsive records; (b) DOJ's categorical invocation of FOIA Exemption 7(A) without identifying any pending or anticipated law enforcement proceedings or explaining how disclosure of the requested records could interfere with such proceedings; and (c) the propriety of certain of DOJ's FOIA Exemption 5 and 6 redactions. A copy of the Brennan Center's appeal, dated May 15, 2018, is attached hereto as Exhibit C and incorporated herein.

24. DOJ has not made a determination with respect to the Brennan Center's appeal.

*Exhaustion of Administrative Remedies*

25. Through DOJ's failure to respond to the Brennan Center's request for expedited processing within the time period required by law, the Brennan Center has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

26. Through DOJ's failure to make a determination regarding the Brennan Center's appeal within the time period required by law, the Brennan Center has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

27. The Brennan Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. The Brennan Center properly requested records within the possession, custody, and control of DOJ.

29. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

30. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to the NVRA FOIA.

31. DOJ's failure to conduct an adequate search for responsive records violates FOIA.

32. Plaintiff Brennan Center is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to the NVRA FOIA.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

33.  The Brennan Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34.  The Brennan Center properly requested records within the possession, custody, and control of DOJ.

35.  DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

36.  DOJ is wrongfully withholding non-exempt agency records requested by the Brennan Center by failing to produce non-exempt records responsive to the NVRA FOIA.

37.  DOJ is wrongfully withholding non-exempt agency records requested by the Brennan Center by failing to segregate exempt information in otherwise non-exempt records responsive to the NVRA FOIA.

38.  DOJ's failure to provide all non-exempt responsive records violates FOIA.

39.  Plaintiff Brennan Center is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to the NVRA FOIA and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

40.  The Brennan Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41. The Brennan Center properly requested records within the possession, custody, and control of DOJ on an expedited basis.

42. DOJ is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and DOJ's regulations.

43. The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and the Brennan Center is primarily engaged in disseminating information to the public. Therefore, the NVRA FOIA justified expedited processing under FOIA and DOJ's regulations.

44. The records sought also relate to a subject of heightened media interest implicating questions concerning the government's integrity. Therefore, the NVRA FOIA justified expedited processing under FOIA and DOJ's regulations.

45. DOJ failed to ensure that a determination of whether to provide expedited processing was made and that notice of that determination was provided to the Brennan Center within ten days after the date of the NVRA FOIA.

46. DOJ's failure to grant expedited processing of the NVRA FOIA violated FOIA and DOJ's regulations.

47. Plaintiff Brennan Center is therefore entitled to declaratory and injunctive relief requiring DOJ to grant expedited processing of the NVRA FOIA.

**REQUESTED RELIEF**

WHEREFORE, the Brennan Center respectfully requests the Court to:

(1) Order Defendant to expedite the processing of the Brennan Center's NVRA FOIA identified in this Complaint;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the Brennan Center's NVRA FOIA;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Brennan Center's NVRA FOIA and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Brennan Center's NVRA FOIA;

(5) Award the Brennan Center the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant the Brennan Center such other relief as the Court deems just and proper.

Dated: August 7, 2018

Respectfully submitted,

*/s/ Austin Evers*
Austin Evers
D.C. Bar No. 1006999

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
austin.evers@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in the District of Columbia under the

supervision of members of the D.C. Bar while application for D.C. Bar membership is pending.

*/s/ Maximillian Feldman*
Maximillian Feldman
NY Bar No. 5237276
*Pro hac vice* motion to be submitted

*/s/ Jonathan Brater*
Jonathan Brater
NY Bar No. 5014899
*Pro hac vice* motion to be submitted

BRENNAN CENTER FOR JUSTICE
at New York University School of Law
120 Broadway
Suite 1750
New York, NY 10271
(646) 292-8310
feldmanm@brennan.law.nyu.edu
braterj@brennan.law.nyu.edu

*Counsel for Plaintiff*
*Brennan Center for Justice*
*at New York University School of Law*